UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEVON BRITTEN JOHNSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>IAN WALLACE, )<br>)<br>Respondent. ) | Case No. 4:12CV984 JCH |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner Devon Britten Johnson's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On February 16, 2010, Petitioner pled guilty in the Circuit Court of St. Louis City, Missouri, to seven counts of robbery first degree, three counts of attempted robbery first degree, one count of unlawful use of a weapon, and ten counts of armed criminal action. Petitioner was sentenced on March 19, 2010, to a total of thirty years imprisonment. Petitioner did not appeal his convictions or sentence. Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035 on April 8, 2010, but dismissed the motion before a ruling was issued.

Petitioner is currently incarcerated at the Southeast Correctional Center in Charleston, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following four claims for relief:

(1) That Petitioner received ineffective assistance of post-conviction counsel, in that post-conviction counsel coerced and manipulated Petitioner into waiving his post-conviction proceeding by improperly advising Petitioner that he had no colorable claims to present, and that he might receive a longer sentence if he prevailed;

(2) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to move to have several of the armed criminal action counts dismissed because of an inconsistency in the "gun element";

(3) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to have several counts dismissed, as there allegedly was insufficient evidence to convict Petitioner on two counts of attempted robbery and the accompanying armed criminal action counts; and

(4) That Petitioner received ineffective assistance of trial counsel, in that trial counsel failed to interview and depose six of the alleged victims, to see if they could provide sufficient evidence to support Petitioner's convictions on counts involving them.

(§ 2254 Petition, PP. 6-12).

## DISCUSSION

### I. Non-Cognizable Claim

In Ground 1 of his petition, Petitioner claims he received ineffective assistance of post-conviction counsel, in that post-conviction counsel coerced and manipulated Petitioner into waiving his post-conviction proceeding by improperly advising Petitioner that he had no colorable claims to present, and that he might receive a longer sentence if he prevailed. In *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), the United States Supreme Court held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Id.* at 1315. "The Court did not hold, as Petitioner appears to argue, that a claim for ineffectiveness of postconviction-relief counsel is an independently cognizable claim." *Stevenson v. Wallace*, 2013 WL 7098642, at *4 (E.D. Mo. Aug. 14, 2013). *See also Yarberry v. Sachse*, 2013 WL 3231539, at *5 (W.D. Mo. Jun. 26, 2013) ("If petitioner intends to assert an independent claim of ineffective assistance of post-conviction counsel, petitioner's claim is not cognizable in federal habeas."); 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief

in a proceeding arising under section 2254."). Ground 1 therefore is not cognizable in this habeas proceeding and must be denied.

## II.     Procedurally Defaulted Claims

In Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to move to have several of the armed criminal action counts dismissed because of an inconsistency in the "gun element". In Ground 3 Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to have several counts dismissed, as there allegedly was insufficient evidence to convict Petitioner on two counts of attempted robbery and the accompanying armed criminal action counts. In Ground 4 Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to interview and depose six of the alleged victims, to see if they could provide sufficient evidence to support Petitioner's convictions on counts involving them.

As noted above, Petitioner dismissed his post-conviction motion before a ruling was issued, and so Grounds 2 through 4 have not been asserted before any state court. Because Petitioner failed to raise these claims in any state court proceeding, he is procedurally barred from pursuing them here. *Coleman v. Thompson*, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995). The Court therefore cannot reach the merits of the claims absent a showing of cause and prejudice, or a demonstration "that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.[1]

---

1 "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." *Cox v. Burger*, 398 F.3d 1025, 1031 (8th Cir.), *cert. denied*, 546 U.S. 844 (2005). "A showing of actual innocence requires new evidence and a show[ing] that it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of th[at] new evidence." *Robinson v. Wallace*, 2013 WL 1293817, at *8 (E.D. Mo. Mar. 28, 2013) (internal quotation marks and citations omitted).

Petitioner attempts to establish cause for his procedural default, by asserting his post-conviction counsel coerced and manipulated him into waiving his right to a post-conviction proceeding. As noted above, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez,* 132 S.Ct. at 1315. "For ineffective assistance of post-conviction counsel to constitute cause, petitioner must show that counsel's assistance was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), and further demonstrate that the underlying claim of ineffective assistance of trial counsel is a 'substantial' one, that is, that the claim has some merit." *Moore v. Larkins*, 2013 WL 4091652, at *5 (E.D. Mo. Aug. 13, 2013) (citing *Martinez*, 132 S.Ct. at 1318).

In order to establish that post-conviction counsel rendered ineffective assistance, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland*, 466 U.S. at 687. Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 691. Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Upon consideration, the Court finds that Petitioner fails to demonstrate constitutionally deficient performance on the part of his post-conviction counsel. Rather, Petitioner's claim that

counsel coerced and manipulated him into dismissing his post-conviction proceeding is refuted by the record, as Petitioner's own exhibits establish that he voluntarily decided to dismiss his post-conviction motion. Specifically, the Court refers to the April 13, 2011, letter from Petitioner's post-conviction counsel to Petitioner, in which she advised as follows:

> You initially complained about ineffective assistance of counsel. Then you wrote me saying you did not want a time cut but merely wanted to know why you were listed as having a 99-year sentence. My supervisor verified that DOC has corrected that and they now have you down for a 30-year sentence. In June, 2010, your Uncle called and said you wanted to dismiss your case.
>
> *If you want to dismiss, it's your choice.* My supervisor and I have reviewed the police reports, the transcripts, the depositions, and the charging documents. The State had a pretty good case against you and even if you were able to take back your guilty plea, there is [a] possibility you could end up getting more time. On the other hand, if you dismiss, you cannot change your mind about it later and your sentence will remain as it is. *I enclose a voluntary dismissal form, if you still want to dismiss, read it, sign it and send it back to me.*[2]

(See ECF No. 1-1, P. 2 (partial emphasis added)). The docket sheet for Petitioner's case, submitted by Respondent, indicates Petitioner's post-conviction motion was voluntarily dismissed on May 3, 2011. (*See* ECF No. 6-1, P. 2). Under these circumstances the Court does not find that Petitioner's counsel's representation, which included permitting Petitioner himself to make the decision as to whether or not to pursue post-conviction relief, but also advising Petitioner that he might face more time in the event he prevailed, fell outside the wide range of professionally competent assistance sanctioned by *Strickland*. Petitioner thus fails to establish cause for the procedural default of his underlying ineffective assistance of plea counsel claims. *See Yarberry*, 2013 WL 3231539, at *6. In addition, because Petitioner makes no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice. *See Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Washington v. Delo*, 51 F.3d 756, 760-761 (8th

---

2 Petitioner eventually signed the motion to dismiss his post-conviction case. (*See* ECF No. 1-1, P. 1).

Cir.), *cert. denied*, 516 U.S. 876 (1995). Therefore, the claims raised in Grounds 2 through 4 of the instant petition are procedurally barred and must be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 6th Day of March, 2014.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE